# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Khalafa M. Khalafala,**<br>Petitioner<br>-vs-<br>**Katrina Kane,**<br>Respondent | CV-09-0231-PHX-ROS (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2241** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Federal Detention Center in Eloy, Arizona, filed a Third Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on October 29, 2010 (Doc. 39). On November 22, 2010, Respondents filed their Response (Doc. 40). Petitioner filed a Reply on April 4, 2011 (Doc. 47). On May 31, 2011, Respondent filed an Amended Second Supplemental Response (Doc. 53), and on June 9, 2011, Petitioner filed his Reply (Doc. 54) thereto. In addition, Respondents continue to rely on Exhibits attached to their original Response, filed August 13, 2009 (Doc. 16) (Exhibits 1-13) and Supplemental Response, filed September 1, 2010 (Doc. 32) (Exhibits 14-29).

The Petitioner's Amended Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND

Petitioner, a native and citizen of Sudan, was paroled into the United States on

September 10, 1998 as a refugee. (Exhibit 5, Notice to Appear; Exhibit 1 Record Alien.) (Exhibits to the original Response (Doc. 16) (Exhibits 1-13), Supplemental Response (Doc. 32) (Exhibits 14-29), Response to Third Amended Petition (Doc. 40) (Exhibits 30-35), and Amended Second Supplemental Response (Doc. 53) (Exhibit 36) are referenced herein as "Exhibit ___.")

On December 21, 2004, Petitioner was convicted in the California Courts of two counts of assault with intent to commit rape, and was sentenced to two consecutive terms of four years in prison. (Exhibit 2, Abstract of Judgment; Exhibit 3, App. Dec. 4/18/07.) One conviction related to an assault in February, 2004, and the other to an assault while on release on June 27, 2004. (App. Dec. 4/18/07 at 1-2.) On appeal, the sentence was vacated, and the matter remanded for re-sentencing. (*Id.* at 19-20, 22.)

Petitioner was ultimately re-sentenced to consecutive terms of four years and one year and four months. (Exhibit 4, Re-Sentencing Memorandum.)

## B. REMOVAL PROCEEDINGS

On or about October 21, 2008, a Notice to Appear (Exhibit 5) was issued, charging Petitioner with being removable on the basis of a conviction of a crime of moral turpitude, founded upon the 2004 California conviction. According to Respondent, this Notice was never filed with the Immigration Court because Petitioner is a refugee who has not adjusted his status and only the Department of Homeland Security has jurisdiction to adjudicate adjustment of status applications by refugees. (Response, #16 at 2-3 (citing 8 U.S.C. 1159(a)(1)(A); 8 C.F.R. § 209.1).)

Petitioner made applications to register as a permanent resident or adjust status, for waiver of inadmissibility, for a discretionary waiver of grounds of excludability. These were all denied. (Exhibit 6, Notice 3/4/09; Exhibit 7, Notice 4/22/09.)

On April 30, 2009, following the denial of these applications, a second Notice to Appear (Exhibit 11) was issued, charging Petitioner with being removable on the basis that as a result of the 2004 convictions, Petitioner had been convicted of two or more offenses

with aggregate sentences of five or more years. On June 22, 2009, Additional Charges of Inadmissibility/Deportability (Exhibit 12) were filed alleging that the 2004 convictions were crimes of moral turpitude, and correcting the allegations concerning the length of sentences imposed.

On September 21, 2009, Petitioner was ordered removed to the Jamaica, with Ethiopia and Sudan designated as alternates.

**Before the BIA** - Petitioner appealed, and on March 11, 2010, the Board of Immigration Appeals dismissed the appeal. (Exhibit 17.) Petitioner filed a Motion for Reconsideration (Exhibit 18), which was denied on July 1, 2010 (Exhibit 19).

**Before the Court of Appeals** - Petitioner sought review by the Ninth Circuit Court of Appeals, who issued a temporary stay of removal. (Motion to Stay (Doc. 21), Exhibit A, Notice of Custody Review, 4/30/10.) On August 25, 2010, the Ninth Circuit denied the motion for stay of removal pending review. (Exhibit 33.) Petitioner sought reconsideration of that order, which was denied on November 9, 2010 (Exhibit 34).

Petitioner filed his opening brief on February 4, 2011, and Respondents have not yet responded. The appeal remains pending. (Ninth Circuit Docket, Case 10-71001, https://ecf.ca9.uscourts.gov/cmecf/servlet/TransportRoom?servlet=CaseSummary.jsp&caseNum=10-71001&incOrigDkt=Y&incDktEntries=Y, last accessed 8/1/11.)

**Again, Before the BIA** - On or about December 30, 2010, Petitioner filed a motion to reopen his immigration proceedings. On February 11, 2011, the BIA denied the motion to reopen. (Exhibit 36.)

**Again, Before the Court of Appeals** - On March 10, 2011, Petitioner filed another Petition for Review (Exhibit 36) with the 9th Circuit, seeking review of the BIA's denial of the motion to reopen. The Ninth Circuit issued a temporary stay of removal, which remains pending, and has not yet set a briefing schedule. (Ninth Circuit Docket, Case 11-70694, Doc. 1, https://ecf.ca9.uscourts.gov/cmecf/servlet/TransportRoom?servlet=CaseSummary.jsp& caseNum= 11-70694&incOrigDkt=Y&incDktEntries=Y, last accessed 8/1/11.) Petitioner filed a Motion for Stay of Removal (Exhibit 36), which remains pending.

1 | (Ninth Circuit Docket, Case 11-70694.)

The government has moved to consolidate Petitioner's two appeals to the Ninth Circuit. (Reply to Amend. 2nd Supp. Resp., Doc. 54, Attach. A).

**Current Status of Removal Proceedings** - As of this writing, Petitioner is subject to an administratively final order of removal (Exhibit 19), but has appeals pending before the Ninth Circuit challenging both the original removal order and the denial of his motion to reopen. A temporary stay of removal is in place in the latter appeal, and a motion to consolidate the appeals remains pending.

## C.  DETENTION PROCEEDINGS

On June 1, 2007, a Warrant for Arrest of Alien was issued directing the arrest of Petitioner for violations of the immigration laws. (Orig. Reply, Doc. 16, Exhibit C.) Upon issuance of the Notice to Appear, on October 21, 2008, Petitioner was taken into immigration custody. (3rd Amend. Pet., Doc. 39 at 8.)  He was ordered detained, and advised he could request a review by the immigration judge. (Orig. Reply, Doc. 16 Exhibit D, Not. Custody Determ. 10/21/08.)

On March 20, 2009 and again on April 2, 2009, Petitioner appeared before an immigration judge for a custody redetermination hearing. On both occasions, the immigration judge found there was no jurisdiction to set a bond because of Petitioner's criminal conviction. (Exhibit 8, IJ Bond Order 3/20/09; Exhibit 9, IJ Order 4/2/9.)

Petitioner appealed the latter decisions to the Board of Immigration Appeals. (Exhibit 10, Notice of Appeal.) On July 15, 2009, the Board of Immigration Appeals issued its Decision (Exhibit 13), finding correct the Immigration Judge's conclusion that he was without jurisdiction to consider the request for a change in custody status.

On April 28, 2010, Petitioner was scheduled for an administrative review of his custody status (Exhibit 21), and on June 9, 2010 Respondent ordered Petitioner to continue to be detained on the basis that she was "unable to conclude that you would not pose a flight risk or that you would comply fully with the requirement of an Order of Supervision if [he]

1 | were released." (Exhibit 22, Cust. Dec. at 2.)

In the meantime, on May 7, 2010, Petitioner sought review of his detention by the immigration court (Exhibit 23), and on May 21, 2010, the request was denied (Exhibit 24). Petitioner sought an explanation of that decision (Exhibit 25), and on June 16, 2010, the Immigration Judge issued a memorandum explaining the decision (Exhibit 26), finding that the immigration court lacked jurisdiction to determine Petitioner's custody status, and even if it had jurisdiction "DHS has proven [Petitioner] is a danger to the community." Petitioner then sought review by the Board of Immigration Appeals (Exhibit 28), who denied review on October 28, 2010 (Exhibit 32) on the basis that the Ninth Circuit had since denied a stay of removal.

On November 3, 2010, Movant was again scheduled for an administrative review of custody (Exhibit 35).

### D.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Original and First and Second Amended Petitions** - Petitioner commenced the current case by filing his original Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(Doc. 1) on February 5, 2009.  That Petition was dismissed with leave to amend. (Order 5/7/09, Doc. 4.) On May 28, 2009, Petitioner filed his First Amended Petition (Doc. 5).  On screening, Grounds One, Two and Four of the Amended Petition were characterized as challenges to the propriety of Petitioner's removal, and were dismissed for lack of jurisdiction, both because in the absence of a final removal order they were not ripe for review, and because this habeas court is without jurisdiction to review final orders of removal. (Order 7/21/09, Doc. 6.)   In Ground Three Petitioner argued that his mandatory detention under 8 U.S.C. § 1226(c) violates his constitutional due process rights.

On the same day that service of the First Amended Complaint was ordered, Petitioner filed his Motion for Leave to File Second Amended Petition (Doc. 7).  That motion was denied.  (Order 8/4/09, Doc. 11.)

**Interlocutory Appeal** - On August 7, 2009, Petitioner filed a Notice of Interlocutory

Appeal (Doc. 12). That appeal was dismissed for lack of jurisdiction on October 7, 2009 (Doc. 18).

**<u>Third Amended Petition</u>** - Due to the ongoing administrative and Court of Appeals proceedings, Petitioner filed a Notice of Change of Custody on March 29, 1010 (Doc. 20), and on July 13, 2010, the parties were ordered to supplement their pleadings to address the current custody status, and the law which provided the authority for that detention. (Order 7/13/10, Doc. 23.) The Respondents' Supplemental Response was filed September 1, 2010 (Doc. 32), and on September 8, 2010, Plaintiff filed his Motion for Leave to File Third Amended Petition (Doc. 33). The motion was granted, and the Third Amended Petition was filed on October 29, 2010 (Doc. 39).

The Third Amended Petition asserts two grounds for relief, each challenging Petitioner's continued detention. Ground one asserts that the detention violates his due process rights, contrary to the Ninth Circuit's decision in *Casas-Castrillon v. DHS*, 535 F.3d 942, 945-46 (9th Cir. 2008), inasmuch as the detention hearing provided to him was not constitutionally adequate. Ground Two asserts that his detention is a violation of Substantive and Procedural Due Process, because his removal is not reasonably foreseeable.

**<u>Responses</u>** - On August 13, 2009, Respondent filed her Response (Doc. 16) to the First Amended Petition. That Response included Exhibits 1 through 13, which Respondent continue to rely upon. On September 1, 2010, Respondent filed her Supplemental Response (Doc. 32) to the First Amended Petition, which included Exhibits 14 through 29.[1]

---

[1] Petitioner argues that none of the exhibits appended to Respondent's earlier pleadings should survive the filing of the subsequent responses and amended responses. (Reply to Amend. 2nd Supp. Resp., Doc. 54 at 1.) Assuming the general civil presumption that an amended pleading wholly supplants the prior pleading applies in this habeas proceeding, and that it extends to exhibits as well, Petitioner asserts no substantive basis for the Court to disregard the earlier filed exhibits and order Respondents to resubmit them. For example, Petitioner does not asset that any of the exhibits are not genuine or complete copies, or that any confusion would result from continuing to rely upon them to establish the administrative and judicial record of proceedings. Moreover, while the Rules Governing Section 224 Proceedings mandates that records be submitted with the pleadings, the rules recognize the independent nature of the records, e.g. by permitting the Court to order

On November 22, 2010, Respondent filed her Response (Doc. 40) to the Third Amended Petition, which includes Exhibits 30 to 35. Respondent argues that the case is no longer a live controversy because the denial of Petitioner's motion for stay of removal in his original appeal to the Ninth Circuit placed him in the removal period pursuant to 8 U.S.C. § 1231, and thus not entitled to release on bond. Noting the Petitioner's argument that the temporary stay of removal in his second appeal to the Ninth Circuit re-subjected him to detention under 8 U.S.C. § 1226(a), the Court granted Respondent leave to supplement her answer. (Order 4/7/11, Doc. 48).

On April 14, 2011, Respondent filed her Second Supplemental Response (Doc. 49), arguing that Petitioner is a criminal alien, is not under a stay of removal in a judicial review of the final order of removal, is now subject to mandatory detention under 8 U.S.C. § 1231(a)(6), therefore not entitled to a bond hearing, and the Ninth Circuit's decision in *Diouf v. Napolitano*, 634 F. 3d 1081(9th Cir. 2011)(Diouf #2) to the contrary is wrongly decided. On May 31, 2011, Respondent filed her Amended Second Supplemental Response (Doc. 53), eliminating an argument that *Diouf v. Mukasey*, 542 F.3d 1222 (9th Cir. 2008) (*Diouf* #1) was distinguishable on the basis of whether the alien had had a bond hearing before an immigration judge.

**Reply** - On April 4, 2011, Petitioner filed his Reply in support of his Third Amended Petition (Doc. 47), arguing that the stay of removal in his second appeal subjected him to detention under 8 U.S.C. § 1226(a), thus entitling him to release on bond and relief in this action.

On June 9, 2011, Petitioner filed his Reply to the Amended Second Supplemental Response (Doc. 54), arguing that *Diouf* #2 remains valid case law in the Ninth Circuit.

//
//
//

---

supplementation, etc. The Court declines to strike these exhibits, and will consider them.

# III. APPLICATION OF LAW TO FACTS

## 1. Immigration Status

In *Casas-Castrillon v. DHS*, 535 F.3d 941 (9th Cir. 2008), the court observed that "the Attorney General's authority over an alien's detention shifts as the alien moves through different phases of administrative and judicial review." *Id.* at 945. As of this writing, and based on the record provided to this Court, Petitioner is an admitted, criminal alien, subject to an order of removal and a denied motion to reopen, both of which under review by the Ninth Circuit Court of Appeals. Petitioner is currently the beneficiary of a temporary stay of removal, issued in his appeal of the motion to reopen. Petitioner has been detained by immigration authorities since October 21, 2008, and has not had a bond hearing before an immigration judge since May, 2010.

## 2. Authorization for Current Detention

In her Amended Second Supplemental Response, Respondent argues that Petitioner's detention is mandated under 8 U.S.C. §1231(a)(6) because his California conviction was for a crime of moral turpitude with a sentence of one year or longer.

Petitioner does not oppose Respondent's assertion of the currently governing statute, and the undersigned finds it applicable for the reasons discussed hereinafter.

Section 1231(a)(6) provides for discretionary detention of specified aliens after the 90 day removal period specified in § 1231(a)(2). The statute provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

**Beyond Removal Period** - Section 1231(a)(6) applies after the expiration of the removal period. Petitioner is beyond the removal period. Section 1231(a)(1)(B) specifies that the removal period begins on the latest of, *inter alia*: "(i) The date the order of removal

becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order."

Here, Petitioner's removal order is being judicially reviewed by the Ninth Circuit in case 10-71001. A temporary stay of removal was issued, and was terminated on August 25, 2010, upon issuance of the order denying the motion for stay of removal. (Exhibit 33, Order 8/25/10.) Petitioner's removal period began thereafter. *See Prieto-Romero v. Clark,* 534 F.3d 1053, 1060 (9th Cir. 2008) ("if an alien files a timely petition for review and requests a stay, the removal period does not begin until the court of appeals (1) denies the motion for a stay or (2) grants the motion and finally denies the petition for review").

Ignoring for the moment Petitioner's judicial appeal on his motion to reopen, his 90 day removal period began August 25, 2010 and expired 90 days later, on November 23, 2010.

Taking up the review on the motion to reopen, the Ninth Circuit has noted that the removal period is not modified by such appeals:

> The beginning of the removal period is not delayed by every judicially entered stay, because the exclusive means for judicial review of a removal order is a petition for review filed with the appropriate court of appeals. See §§ 1231(a)(1)(B)(ii), 1252(a)(5). Therefore, the entry of a stay of removal for any other reason—for example, a stay entered while a court reviews an alien's § 2241 habeas petition or petition for review of the BIA's denial of a motion to reopen—does not prevent the removal period from beginning.

*Prieto-Romero,* 534 F.3d at 1060. *See also* 8 C.F.R. § 241.4(b)(1) ("shall remain subject to the provisions of this section [241.4, concerning detention beyond the removal period] unless the motion to reopen is granted"). *See also Diouf v. Mukasey*, 542 F.3d 1222 (9th Cir.2008) (*Diouf #1*) ("although Diouf's appeals to this court resulted in several stays of removal, those appeals did not entail judicial review of a removal order, [but only] of his motions to reopen.")

Petitioner argues that his pending appeal of his removal order should make the difference, citing *Lopez-Heredia v. Kane*, 2008 WL 5102101, CV-08-0349-PHX-DGC-GEE (D.Ariz. 2008). (Reply Amend. 2nd Supp. Rsp., Doc. 54 at 2.) In that case, District Judge

1 Campbell deemed the petitioner's removal period to have not commenced, and thus his detention to be continuing under § 1226(a). "Although Petitioner is appealing a denial of his motion to reopen, he also is appealing the order which denied cancellation of removal and ordered him removed to Mexico. Petitioner is appealing his removal order." *2008 WL 5102101*, 3. Even though Petitioner similarly has both kinds of appeals pending, Judge Campbell's order is not controlling.

Judge Campbell's order was vacated after the alien was removed. *Lopez-Heredia v. Kane*, 2009 WL 67845 (D.Ariz. 2009). Judge Campbell does not discuss *Prieto-Romero*, and its distinction between judicial review of the removal order and judicial review of motions to reopen . Indeed, the procedural history cited by Magistrate Judge Edmonds in the Report and Recommendation being adopted by Judge Campbell, clarifies that the stay of removal had been entered in an appeal of the removal order, a second appeal was filed challenging the intervening denial of the motion to reopen, and the two appeals were then consolidated. (*Lopez-Heredia*, CV-08-0349-PHX-DGC-GEE, Doc. 28, R&R at 3.) In contrast, the stay of removal in Petitioner's appeal of his removal order has been terminated, and the two proceedings have not been consolidated. Thus *Lopez-Heredia* is distinguishable.

Consequently, the undersigned concludes *Prieto-Romero* is controlling and that Petitioner has been beyond the removal period since November 24, 2010.

**Specified Aliens** - For post-removal period detention to apply under § 1231(a)(6), the alien must have been deemed removable under specific sections, including § 1227(a)(2). Section 1227(a)(2) provides for removal of aliens convicted of, *inter alia*: crimes of moral turpitude with a sentence of one year of longer, § 1227(a)(2)(A)(i), and aggravated felonies, § 1227(a)(2)(A)(iii). The BIA has determined that Petitioner's convictions qualify him under both of these provisions. (Exhibit 17 BIA Dec. 3/11/10 at 2.) Although Petitioner argued in his First Amended Petition that his convictions were not final (Doc. 5 at 7), Petitioner does not currently contend that his convictions do not qualify him for application of §1231(a)(6).

**Conclusion re Applicable Statute** - Based upon the foregoing, the undersigned concludes that Petitioner is currently detained pursuant to 8 U.S.C. § 1231(a)(6).

**3. Requirement for Consideration of Release on Bond**

In Ground One of his Third Amended Petition, Petitioner argues that his due process rights have been violated because he has not been provided an adequate custody hearing pursuant to *Casas-Castrillon v. DHS*, 535 F.3d 941 (9th Cir. 2008).

In that case, however, the Ninth Circuit had issued a stay of removal in a petition for review challenging an alien's removal order, and consequently his removal period had not commenced, and thus he was not detained pursuant to § 1231(a), but pursuant to § 1226(a). Here, there is no stay pending in Petitioner's appeal challenging his removal order, only in the appeal challenging the denial of the motion to reopen. Consequently, *Casas Castrillon* has no application to Petitioner.

That does not mean, however, that Petitioner is not subject to a requirement for an independent custody determination, and release on bond, if appropriate. In *Diouf #2*, the Ninth Circuit squarely addressed the issue:

> We hold that an alien facing prolonged detention under § 1231(a)(6) is entitled to a bond hearing before an immigration judge and is entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the community.

*Diouf*, 634 F.3d at 1092. In so holding, the Ninth Circuit noted that 180 days after the removal order becomes final, the DHS regulations providing for administrative custody reviews are:

> not alone sufficient to address the serious constitutional concerns raised by continued detention. The regulations do not afford adequate procedural safeguards because they do not provide for an in-person hearing, they place the burden on the alien rather than the government and they do not provide for a decision by a neutral arbiter such as an immigration judge.

*Id.* at 1091.

**Mootness of Arguments under § 1226(a)** - Respondent argues that because the Petition challenges Petitioner's detention under § 1226(a), the shift of controlling authority to § 1231(a)(6) renders Petitioner's Petition moot.

In *Casas-Castrillon*, the court observed that "the Attorney General's authority over an alien's detention shifts as the alien moves through different phases of administrative and

- 11 -

judicial review." 535 F.3d at 945. Moreover, this Court is instructed to liberally construed Petitioner's *pro se* Petition. *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003). The clear import of the Petition is to challenge the legality of Respondent's detention of Petitioner. The statute controlling that detention at any given time may define Respondent's authority for the detention and thus defenses to the Petition, but it does not change the nature of Petitioner's claims that his detention is not authorized or has become unconstitutional by being prolonged without adequate safeguards.

Further, although Petitioner's Ground Two references § 1226(a), it is not founded upon that specific statutory authority for his detention, but upon the argument that his prolonged detention violates his due process rights pursuant to *Prieto Romero*, and *Zadvydas*. (3rd Amend. Pet., Doc. 39 at 5.)

That is not to say that the shifts do not warrant an opportunity for the parties to be heard as the legal landscape changes. Here, however, the Court has permitted Respondent to assert her defenses under the current legal landscapein her Amended Second Supplemental Response.

**Applicability of Diouf #2** - Respondent argues that *Diouf #2* is wrongly decided, and represents that an unopposed motion to extend time to file a petition for rehearing is pending in that case, and the mandate has not issued.[2] (Amend. 2nd Supp. Response, Doc. 53 at 1-2.) However, until such time as *Diouf #2* is actually overturned or vacated, this Court is bound by it. *U.S. v. Easter day,* 564 F.3d 1004, 1010 (9th Cir. 2009) ("a panel opinion is binding on subsequent panels unless and until overruled by an en banc decision of this circuit").

**Difference Between Controlling Cases** - Respondent also argues that *Diouf #2* is not implicated in this case because Petitioner was provided with a bond hearing before the immigration judge at which the government bore the burden of persuasion, and the decision

---

[2] As of this writing, the Ninth Circuit's docket reflects that a petition for rehearing has been filed. *See* https://ecf.ca9.uscourts.gov/cmecf/servlet/TransportRoom?servlet=CaseSummary.jsp?caseNum=09-56774&dktType=dktPublic&incOrigDkt=Y&incDktEntries=Y, last accessed 8/3/11.

1  of the immigration judge was supported by valid and substantial evidence, and there has been
2  no changes in circumstances. (*Id.* at 7.)

3  Petitioner counters that his hearing was not conducted pursuant to *Diouf #2*, but
4  pursuant to *Casas-Castrillon*, and it was thus constitutionally inadequate. (Reply to Amend
5  2nd Supp. Rsp., Doc. 54 at 3.)

6  In *Casas-Castrillon* the Court mandated "a hearing ... before an Immigration Judge
7  with the power to grant him bail unless the government establishes that he is a flight risk or
8  will be a danger to the community." 535 F.3d at 952. In *Diouf #2*, the court mandated "a
9  bond hearing before an immigration judge and is entitled to be released from detention unless
10 the government establishes that the alien poses a risk of flight or a danger to the community."
11 634 F.3d at 1092.

12 Petitioner fails to identify any functional differences between the two types of
13 hearings. In *Diouf #2*, the court did not adopt a new standard or set of procedures, but simply
14 determined to "extend *Casas–Castrillon* to aliens detained under § 1231(a)(6)." 634 F.3d at
15 1086.

16 What is different between the two is the timing. *Casas-Castrillon* mandated hearings
17 pre-removal period, when § 1226(a) applied. In contrast, *Diouf #2* mandated hearings post-
18 removal period, when § 1231(a)(6) applied. In particular, *Diouf #2* found that a bond hearing
19 was necessary to protect the private interests of the detainee "[w]hen detention crosses the
20 six-month threshold and release or removal is not imminent." 634 F.3d 1091-1092.
21 "[A]liens who are denied release in their 180–day [post-removal order] reviews must be
22 afforded the opportunity to challenge their continued detention in a hearing before an
23 immigration judge." *Id.* at 1092.

24 Here, Petitioner's last bond hearing was held on May 21, 2010, before his removal
25 period commenced on August 25, 2010 (upon issuance of the order denying the motion for
26 stay of removal). (Exhibit 33, Order 8/25/10.) Petitioner's removal period began thereafter,
27 and the 180 day line was crossed on Tuesday, February 22, 2011. Petitioner has not had a
28 bond hearing with an immigration judge in the almost six month period since that time.

This mandate for a post-removal period bond hearing is not a mere formality, nor needless repetition. As noted in *Diouf #2*, the showing necessary to justify detention necessarily increases as the duration of the detention extends. As recognized in *Zadvydas*, detention for more than six months after the beginning of the removal period called for increased scrutiny. 533 U.S. at 701. More particularly, the *Diouf #2* court suggested that a new bond hearing be granted in just these circumstances, where it has become clear that continued, post-removal period proceedings will delay removal and prolong detention:

> By the same token, DHS should be encouraged to afford an alien a hearing before an immigration judge before the 180–day threshold has been reached if it is practical to do so and it has already become clear that the alien is facing prolonged detention. When, for example, this court grants a stay of removal in connection with an alien's petition for review from a denial of a motion to reopen, the alien's prolonged detention becomes a near certainty.

*Diouf #2*, 634 F.3d at 1092, n. 13.

Therefore, barring the exception discussed hereinafter pertaining to foreseeable removability, Petitioner is entitled to a new, post-removal period bond hearing.

**Adequacy of Hearing** - Petitioner argues that his hearing was constitutionally inadequate because the immigration judge (1) was not neutral; (2) placed the burden of proof on Petitioner; (3) denied Petitioner the opportunity to subpoena witnesses; (4) insisted on Petitioner admitting guilt in the criminal matter; (5) relied on his prior conviction without considering his current conditions; and (6) failed to require a showing of special dangerousness mandated by *Zadvydas v. Davis*, 533 U.S. 678 (2001). Because the undersigned concludes that Petitioner is entitled to a new, post-removal period bond hearing, the sufficiency of the prior, pre-removal period bond hearing is irrelevant.

**4. Removal Not Reasonably Foreseeable**

In *Diouf #2*, the Court noted that the mere passage of 180 days did not absolutely mandate a new bond hearing. "If the 180–day threshold has been crossed, but the alien's release or removal is imminent, DHS is not required to conduct a 180–day review, see 8 C.F.R. § 241.4(k)(3), and neither should the government be required to afford the alien a

hearing before an immigration judge." *Diouf #2*, 634 F.3d at 1092, n. 13.

However, Respondent offers nothing to suggest that Petitioner's removal is likely to occur in the reasonably foreseeable future.

As noted above, an intervening stay of removal in connection with the review of a motion to reopen renders prolonged detention a near certainty. *Id.* Here, briefing on Petitioner's appeal of the motion to reopen has not begun. There is no indication that the Ninth Circuit will soon terminate the automatic stay of removal nor that they will deny a stay pending disposal of the appeal.

Nor, assuming both of those were to happen, is there any indication that travel documents will be available soon thereafter. Petitioner was ordered removed to Jamaica, Ethiopia, or Sudan. A request to Jamaica, sent April 22, 2010, (Exhibit 20), has been rejected (Exhibit 30). A request sent to the Ethiopian Consul General was sent October 28, 2010 (Exhibit 31), and has apparently not been approved. There is no evidence that a request to Sudan has even been made.

Based on the foregoing, the undersigned finds that Petitioner's removal is not likely to occur in the reasonably foreseeable future, and the general rule of *Diouf #2* applies.

## 5. Relief

For the foregoing reasons, the undersigned concludes that Petitioner's continued detention without a post-removal period bond hearing is a violation of due process, pursuant to *Diouf #2*. Petitioner seeks an order directing his release under appropriate supervised conditions. Although the affected statutory authority is different, the relief granted in *Casas-Castrillon* is instructive: "We therefore reverse the district court and remand with instructions to grant the writ unless, within 60 days, the government provides Casas with 'a hearing ... before an Immigration Judge with the power to grant him bail unless the government establishes that he is a flight risk or will be a danger to the community,' or shows that he has already received such a bond hearing." 535 F.3d at 952. *See also Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011) ("we remand this case to the district court with instructions to grant the

writ and order Singh's release unless within 45 days of the district court's order the agency provides Singh a new *Casas* hearing applying the proper standard"); and *Diouf #2*, 634 F.3d at 1092 ("aliens who are denied release in their 180–day reviews must be afforded the opportunity to challenge their continued detention in a hearing before an immigration judge").

In light of the expansive duration of Petitioner's immigration detention (since October, 2008), and the time that has already elapsed since the beginning of his removal period (almost one year), the undersigned would recommend a sooner hearing, but recognizing Petitioner's *pro se* status a shorter period would seem to prejudice Petitioner.

In addition, in recognition that Petitioner has already been afforded one post-removal order bond hearing, the undersigned will recommend designating that the bond hearing be a "new" one.

The Ninth Circuit recently addressed the standards for a bond hearing in pre-removal order cases in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). Although *Singh* is instructive, it is at least in part distinguishable based upon the procedural posture of the removal proceedings. The undersigned would presume that Respondent and the Government would comply with any binding precedent concerning the processes, burdens of proof, etc. applicable in the bond hearing, and they need not be specifically mandated.

## IV. CERTIFICATE OF APPEALABILITY

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." However, such certificates are only required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). This case arises under 28 U.S.C. § 2241, and does not attack a State court detention. Accordingly, no ruling on a certificate of appealability is required, and no recommendation thereon will be offered.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Third Amended Petition for Writ of Habeas Corpus, filed September 8, 2010 (Doc. 39) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that this Court issue a writ of habeas corpus directing that Petitioner be released from custody unless, within 60 days, the government: (1) provides Petitioner with a hearing before an Immigration Judge with the power to grant him bail unless the government establishes that he is a flight risk or will be a danger to the community; or (2) shows that he has already received such a post-removal period bond hearing

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: August 16, 2011

JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\09-0231-005r RR 10 06 30 re HC.wpd