IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Khalafala Khalafala, | ) | No. CV-09-231-PHX-ROS |
| Petitioner, | ) ) | **ORDER** |
| vs. | ) ) | |
| Katrina Kane, | ) ) ) | |
| Respondent. | ) ) ) | |
| | ) | |

Pending before the Court is the magistrate judge's Report and Recommendation ("R&R"). (Doc. 55). For the reasons below, the R&R will be adopted in full.

**BACKGROUND**[1]

Petitioner is a native and citizen of Sudan. On September 10, 1998, he was paroled into the United States as a refugee. On December 21, 2004, Petitioner was convicted in the California Courts of two counts of assault with intent to commit rape, and was sentenced to two consecutive terms of four years in prison. Petitioner was ultimately re-sentenced to consecutive terms for four years and sixteen months.

On September 21, 2009, Petitioner was ordered removed to Jamaica, with Ethiopia and Sudan designated alternates. Petitioner proceeded with multiple appeals before the

---

[1] A more thorough recitation of the factual and procedural history is found in the R&R, adopted herein.

1   Board of Immigration Appeals ("BIA") and the Ninth Circuit. Currently, Petitioner is subject
2   to an administratively final order of removal, but has appeals pending before the Ninth
3   Circuit challenging the original removal order and the denial of his motion to reopen.

4   On October 21, 2008, Petitioner was taken into immigration custody. On February
5   5, 2009, Petitioner filed his Petitioner for Writ of Habeas Corpus pursuant to 28 U.S.C. §
6   2241. (Doc. 1). On October 29, 2010, Petitioner filed a Third Amended Petition for Writ
7   of Habeas Corpus pursuant to 28 U.S.C. § 2241, in which he asserted his detention without
8   a custody hearing violated his due process rights. (Doc. 39). Petitioner is presently
9   incarcerated in the Federal Detention Center in Eloy, Arizona.

10   The R&R found Petitioner is entitled to a hearing to challenge his post-removal-period
11   detention. Specifically, the R&R found "Petitioner's continued detention without a post-
12   removal period bond hearing is a violation of due process, pursuant to *Diouf [v. Napolitano*,
13   634 F.3d 1081, 1091-92 (9th Cir. 2011)]." (Doc. 55, at 15). Petitioner and Respondent filed
14   objections to the R&R. Both parties objected on one ground apiece.

15                                  **ANALYSIS**
16   **I.   Legal Standard**

17   A district court "must make a de novo determination of those portions of the report
18   . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the
19   findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). A court
20   need review only those portions objected to by a party, meaning a court can adopt without
21   further review all unobjected to portions. *See United States v. Reyna-Tapia*, 328 F.3d 1114,
22   1121 (9th Cir. 2003).

23   **II.   Petitioner's Objection**

24   Petitioner argues he should be released immediately, and the magistrate judge erred
25   in recommending Petitioner be released within 60 days unless (1) the government provides
26   "a hearing before an Immigration Judge with the power to grant him bail unless the
27   government establishes that Petitioner is a flight risk or will be a danger to the community
28   or (2) shows that he has already received such a post-removal period bond hearing." (Doc.

57).  Petitioner argues the magistrate judge found "Petitioner's removal is not likely to occur in the reasonably foreseeable future."  (Doc. 57 at 1) (quoting Doc. 55, at 15).  Petitioner relies on *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001).  However, nothing in *Zadvydas*, requires immediate supervised release.

In *Zadvydas*, the Court held post-removal-period detention is subject to habeas review by federal courts to determine whether the detention is statutorily authorized.  A detention of more than six months after the beginning of the removal period calls for increased scrutiny.  *Id.* at 701.  However, as *Zadvydas* explains, the government "may" continue to detain an alien beyond six months under certain conditions.  *Id.* at 683.  Specifically, under 8 U.S.C. § 1231(a)(6), "[a]n alien ordered removed . . . who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)."  Thus, if Petitioner is a risk to the community or unlikely to comply with the order of removal, he may be detained.

Nevertheless, as the magistrate judge explained, Petitioner is entitled to a hearing.  "When detention crosses the six-month threshold and release or removal is not imminent, the private interests at stake are profound. . . . [T]he risk of an erroneous deprivation of liberty in the absence of a hearing before a neutral decisionmaker is substantial. The burden imposed on the government by requiring hearings before an immigration judge at this stage of the proceedings is therefore a reasonable one."  *Diouf v. Napolitano*, 634 F.3d 1081, 1091-92 (9th Cir. 2011).  "[A]liens who are denied release in their 180-day [post-removal order] reviews must be afforded the opportunity to challenge their continued detention in a hearing before an immigration judge."  *Id.* at 1092.  Petitioner's last bond hearing was May 21, 2010.  Petitioner's removal period commenced on August 25, 2010.  On February 22, 2011, Petitioner exceeded the 180 days post-removal period. Petitioner has not had a bond hearing with an immigration judge.

The government has not offered any evidence or argument to suggest Petitioner's removal is likely to occur in the reasonably foreseeable future.  As such, Petitioner is entitled

1    to a hearing, not immediate release without a hearing. *Id.* ("We hold that an alien facing

2    prolonged detention under § 1231(a)(6) is entitled to a bond hearing before an immigration

3    judge and is entitled to be released from detention unless the government establishes that the

4    alien poses a risk of flight or a danger to the community.").[2]

5          As such, the Court finds Petitioner's objection to the R&R is without merit.

6    **III.   Respondent's Objection**

7          Respondent objects to only one portion of the R&R.  (Doc. 56).  Respondent argues

8    the magistrate judge improperly relied on *Diouf v. Napolitano*, 634 F.3d 1081 (9th Cir. 2011)

9    because the mandate has not issued and the government filed a petition for en banc rehearing.

10   However, after the government filed its brief, the government's petition for en banc rehearing

11   was denied on September 28, 2011, and the mandate issued on October 6, 2011.[3]  Thus,

12   *Diouf* is controlling Ninth Circuit case law, which this Court is bound to follow.  As such,

13   the Court finds Respondent's objection to the R&R is without merit.

14         Accordingly,

15   **IT IS ORDERED** the **Report and Recommendation (Doc. 55)** is **ADOPTED IN**

16   **FULL**.

17   **IT IS ORDERED** Petitioner's Third Amended **Petition** for Writ of Habeas Corpus

18   **(Doc. 39)** is **GRANTED**.

19   **IT IS ORDERED** that Petitioner be released from custody unless, within 60 days, the

20   government: (1) provides Petitioner with a hearing before an Immigration Judge with the

21   power to grant him bail unless the government establishes that Petitioner is a flight risk or

22   will be a danger to the community; or (2) shows that he has already received such a post-

23

24       [2] In *Diouf*, the detainee was detained in March 2005.  At custody reviews in July 2005

25   and July 2006, DHS determined he should stay in custody because he was a flight risk.  In
     February 2007, however, an immigration judge determined he was not a flight risk and

26   released him on bond. *Id.* at 1092.

27       [3] Court of Appeals Docket # 09-56774 (docket entries 60 and 61).  The government,

28   unfortunately, did not notify the Court of these developments.

1  removal period bond hearing.

2      DATED this 7th day of December, 2011.

3

4

5  _____

6  Roslyn O. Silver
   Chief United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28